IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00892–WYD–KMT

KIM HESH OLSON,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE,

    Defendant.

---

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
---

**Kathleen M. Tafoya, Magistrate Judge**

    This matter comes before the court *sua sponte* on Plaintiff Kim Hesh Olson's failure prosecute this civil action. Pursuant to the Order of Reference dated May 1, 2008 [Doc. No. 4], this civil action was referred to the Magistrate Judge to hear and determine any pretrial matter which has been or will be presented in this case and to conduct hearings and to submit recommendations for consideration of the District Court any motion to award injunctive relief, to award judgment on the pleadings, to grant summary judgment, or to dismiss the entire action involuntarily. *Id.*

    On April 29, 2009, Plaintiff filed her Title VII Complaint. [Doc. No. 1.] As of this date, it appears Defendant United States Department of Agriculture has not been served with the Complaint. On September 4, 2008, this court entered an Order to Show Cause [Doc. No. 8] in which it ordered the plaintiff to, on or before September 15, 2008, show cause in writing why the

Complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. Plaintiff filed a response on September 15, 2008, requesting that her case not be dismissed because her husband has been ill, she has been unable to find an attorney, and she is unfamiliar with the litigation process. [Doc. No. 10.] Although Plaintiff did respond to the Order to Show Cause, it has been nearly eight months since her Complaint was filed.

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is therefore

**RECOMMENDED** that the Plaintiff's Complaint and this action be dismissed without prejudice for Plaintiff's failure to serve the defendant and for failure to prosecute.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of December, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge